**O'BRIEN, Admrx v OHIO FUEL GAS CO**

Ohio Appeals, 6th Dist, Lucas Co

No 2963.  Decided Nov 30, 1934

Joseph G. Gluck, Toledo, for plaintiff in error.

John B. McMahon, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

The error complained of is that the trial court directed a verdict for the defendant.

The action is one to recover for a gas burner sold by the defendant, The Ohio Fuel Gas Company, to plaintiff's decedent, Patrick O'Brien. The original written contract providing for the sale of the burner at a purchase price of $175.00, contained the following:

"If burner is not satisfactory, we will remove same without expense to customer and refund all money paid."

Under this provision, if plaintiff's decedent, acting in good faith, was not satisfied with the burner and gave notice within a reasonable length of time to the gas company to remove it, then he or his personal representative had a right to bring an action to recover the amount of the purchase price, which had been paid.

There is evidence in this case tending to show that the burner did not work satisfactorily in that the pilot light continually went out and thus put out the fire. The decedent, in his lifetime, frequently complained to a duly authorized representative of the gas company, and he promised to fix it and did fix it a number of times, but each time it was fixed it only worked for a short length of time, when they had trouble again. Finally, during the lifetime of the decedent, the gas company was notified to remove the burner and did remove it, after his death, but left it in the dwelling where it had been installed. Under these circumstances, the question whether or not the purchaser was in good faith dissatisfied with the burner, and whether or not notice of the removal of the same was given within a reasonable length of time, were questions of fact for the determination of the jury.

Evidence was offered tending to show that monthly installments on the purchase price were paid from time to time. During this same time, complaints were being made about the improper action of the furnace. In view of the fact that the complaints were met with a promise to remedy the alleged defect in the furnace, we cannot say that the fact that payments were made would of itself bar a recovery.

Evidence was also adduced to show that shortly after decedent's death the plaintiff's administratrix, who was called as a witness, admitted that shortly after her father died she stated to a representative of the gas company that she would like to have him sell the burner. Whether or not she was at that time administratrix, is not clear. However that may be, the statement would not be fatal to plaintiff's right to recover, but is a fact which may properly be weighed by the jury with the other evidence in the case.

The trial court therefore erred to the prejudice of plaintiff in error in directing a verdict for the defendant company.

The judgment will therefore be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.